UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISCOVER FINANCIAL SERVICES,
DFS SERVICES, LLC AND DISCOVER
BANK,

                    Plaintiffs,

          v.

VISA U.S.A. INC., et al.,

                    Defendants.

Case No. 04-CV-7844 (BSJ)

ECF Case

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' "MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT, INADMISSIBLE AND PREJUDICIAL EVIDENCE RELATED TO AMERICAN EXPRESS"

### CONTAINS CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION FILED UNDER SEAL

| | |
|---|---|
| **SIMPSON THACHER & BARTLETT LLP** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 425 Lexington Avenue<br>New York, New York 10017-3954<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502 | 1615 L Street, N.W.<br>Washington, D.C. 20036-5694<br>Telephone: (202) 223-7300<br>Facsimile: (202) 223-7420 |
| 601 Pennsylvania Ave., N.W.<br>North Building<br>Washington, D.C. 20004<br>Telephone: (202) 220-7799<br>Facsimile: (202) 220-7702 | 1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 |

*Counsel for Defendants MasterCard Incorporated and MasterCard International Incorporated*

**ARNOLD & PORTER LLP**

555 12th Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

**KEKER & VAN NEST, LLP**

710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Counsel for Defendants Visa U.S.A. Inc. and Visa International Service Association*

**LOCKE LORD, BISSELL & LIDDELL LLP**

111 South Wacker Drive
Chicago, IL 60606-4302
Telephone: (312) 443-0356
Facsimile: (312) 896-6356

300 S. Grand, Suite 800
Los Angeles, CA 90071
Telephone: (213) 485-1500

*Counsel for Defendant Visa International Service Association*

Defendants MasterCard Incorporated and MasterCard International Incorporated (collectively, "MasterCard") and Visa U.S.A. and Visa International (together, "Visa," and collectively with MasterCard, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' "Motion *In Limine* to Exclude Irrelevant, Inadmissible and Prejudicial Evidence Related to American Express."

## PRELIMINARY STATEMENT

Arguing that it "concern[s] only the long-settled American Express action," Plaintiffs Discover Financial Services, DFS Services, LLC and Discover Bank (collectively, Discover) seek to exclude the following evidence: (a) nine broad categories of American Express-related documents; (b) the testimony of American Express employees; and (c) "the American Express-related testimony of a number of third-parties [sic] witnesses." (Plaintiffs' "Motion *In Limine* to Exclude Irrelevant, Inadmissible and Prejudicial Evidence Related to American Express" ("Mem. *re* Amex Evid."), at 2-3.) Although Defendants are not interested in a "mini-trial" of American Express issues, the indisputable facts are that like Discover, American Express was a closed-loop payment network that sought to work with banks to issue cards, was purportedly blocked from doing so while Visa U.S.A.'s By-Law 2.10(e) and MasterCard's CPP were in effect, and has been trying to contract with banks to issue credit cards (but not debit cards) running on its network after the rules were rescinded. Evidence surrounding American Express' actions in the marketplace, therefore, provides a unique opportunity for the jury to place Discover's arguments in a competitive framework. American Express must be considered by the jury in any analysis of Discover's alleged but-for world.

The discrete American Express evidence that Defendants presently intend to use is highly relevant to demonstrate that the extent of Discover's purported injury and

damages is strongly linked to the particular strategic business decisions pursued by

Discover. Defendants respectfully submit that the jury will benefit from targeted evidence

permitting them to assess Discover's growth, pricing and bank value propositions by

comparing them to those of the other network in the marketplace in the same position as

Discover. Defendants also need to be able to draw distinctions between credit and debit, as

American Express does not issue debit cards. Finally, Defendants need to be in the position

to use American Express-related proof to rebut potential mixed liability/damages evidence

that Discover will likely introduce at trial. The Court has held that the DOJ case concerned

increasing the number of competitors from two to four – allowing Discover to exclude

American Express and pretend that there are only three is ridiculous. Accordingly,

Discover's motion should be denied.

<h4 style="text-align:center">ARGUMENT</h4>

**I.      Select American Express-Related Evidence Is Highly Relevant And Would Not
Be Prejudicial, Time-Intensive Or Confusing To Jurors**

Plaintiffs seek to have the Court issue a blanket ruling barring all American

Express-related evidence. But by offering generalizations about American Express'

differing business strategies, Discover is merely highlighting the reasons why discrete use of

American Express-related proof for comparative purposes will be squarely relevant for the

jury. Evidence regarding American Express characteristics will help the jury place in

context why Discover's own business strategies would have handcuffed its ability to work

with bank issuers in a but-for world. Indeed, it was the presence and likely strategies of

American Express that caused Mr. Purcell and Mr. Nelms of Discover to complain to this

Court back in 2000 that its *DOJ* case remedy of simply invalidating the rules would actually

hurt Discover.

2

Despite their differences, American Express and Discover both claimed to be postured similarly as closed-loop networks, both claimed they wanted to issue cards through banks and both claimed that they were foreclosed from doing so by the challenged rules. *United States v. Visa U.S.A. Inc., et al.*, 163 F. Supp. 2d 322, 333, 379-81 (S.D.N.Y. 2001), *aff'd*, 344 F.3d 229 (2d Cir. 2003), *cert. denied*, 543 U.S. 811 (2004). Both faced the challenge of trying to craft value propositions to potential bank partners that were also their fiercest issuing competitors. Both were able to enter into selected agreements with banks to issue cards on their respective networks after By-Law 2.10(e) and the CPP were repealed.

Drawing upon these plain similarities between the two companies, Defendants currently intend to utilize American Express-related evidence in a limited manner, focusing on the following probative topics:

### REDACTED

*The purpose of the CPP or By-Law 2.10(e).* Based upon Discover's disclosures of its key trial exhibits, MasterCard anticipates that Discover will attempt to

---

[1] Exhibit 15 to the Expert Report of Robert E. Hall, dated October 8, 2007, attached as Exhibit 1 to the accompanying Opposition Declaration of Amy L. Barton ("Barton Opp. Decl.").

3

argue that the CPP or By-Law 2.10(e) were enacted at least partly in response to a perceived

threat from bank issuance of Discover cards. For example, in its summary judgment papers,

Discover asserted that "MasterCard and its [m]embers [p]ass[ed] the CPP as [p]art of a

[c]oncerted [e]ffort to [s]top [c]ompetition from *Discover* and American Express."

(Memorandum of Law in Support of Discover's Opposition to MasterCard's Motion for

Summary Judgment, dated March 24, 2008, at 18 [D.E. 298] (emphasis added).)[2] Similarly,

Professor Jerry Hausman has asked rhetorically: "if Discover has no significant value

proposition, why did Visa and MasterCard need rules to prevent banks from issuing on its

network?" (Barton Opp. Decl. Ex. 2, Rebuttal Report of Jerry A. Hausman, dated December

20, 2007, at ¶ 109.)


## REDACTED


*Value propositions to prospective bank partners.* To determine the extent to

which third-party issuers would have been interested in issuing cards on the Discover

network in the but-for world, it is necessary to understand the *relative attractiveness* of

Discover's business proposition to issuers. If the jury is to assess Discover's potential lost

---

[2]    To support this argument, Discover has listed, among others, former MasterCard CEO
       Gene Lockhart as a trial witness and has identified a number of documents on its trial
       exhibit list pertaining to the enactment of the CPP, even though Discover claims that all
       liability issues have been settled.

profits in the but for world, it must understand Discover's competitive positioning not only with respect to Visa and MasterCard but with respect to American Express as well.

Thus, Defendants should not be precluded from introducing evidence demonstrating the difficulty that Discover would have in competing with American Express for bank issuers. Evidence pertaining to American Express places in context for the jury the damaging admissions by Discover executives Phil Purcell and David Nelms before this Court in 2000 that the repeal of only By-Law 2.10(e) and the CPP would harm Discover.[3]

**REDACTED**

---

[3]     Barton Opp. Decl. Ex. 3, Purcell 1/14/00 Tr. 109:10-110:9; *see also* Barton Opp. Decl. Ex. 4, Nelms 7/7/00 Trial Tr. 3016:18-25.

5

This evidence is not precluded by Fed. R. Evid. 403. Far from "muddying the waters" (Mem. *re* Amex Evid., at 6), introducing this proof should *clarify* the impact of the rules by demonstrating how a similarly-situated participant in the marketplace reacted. Further, Defendants have little interest in alienating a jury by turning this into an "unnecessary mini-trial[] about American Express." (Mem. *re* Amex Evid., at 2.) Defendants hope to elicit any evidence efficiently with its experts and through examinations of Discover and other witnesses, rather than calling numerous American Express witnesses. Nor do Defendants currently intend to introduce evidence regarding the details of American Express-bank negotiations after the rules were repealed in 2004, or the performance of the American Express bank deals that have been signed over the past several years.[4] Thus, there is no danger of a time-consuming "sideshow" that runs afoul of Rule 403.

## II.   Plaintiffs' Motion Is Premature And Dependent Upon The Evidence That It Introduces At Trial

Although Defendants presently intend to use any American Express-related evidence in a targeted manner as set out above, it is impossible at this point for Defendants to articulate what else might be relevant to rebut proof offered in Discover's case in chief. Defendants accordingly reserve all rights and respectfully submit that objections to evidence regarding American Express should be handled by evaluating specific evidence rather than in a blanket way.

---

[4]   This Court can also readily dispose of Discover's additional contention that somehow its failure to challenge the first-hand knowledge of any American Express witnesses renders some of Defendants' evidence as inadmissible hearsay. (Mem. *re* Amex Evid., at 8.) This Court consolidated this proceeding and the American Express proceeding for all discovery purposes, and Discover does not identify a single American Express deposition it was barred from attending.

6

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion *In*

*Limine* to Exclude Irrelevant, Inadmissible and Prejudicial Evidence Related to American

Express.

New York, New York
September 26, 2008

Respectfully submitted,

**SIMPSON THACHER &
BARTLETT LLP**

Kevin J. Arquit
karquit@stblaw.com
Joseph F. Tringali
jtringali@stblaw.com
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Arman Y. Oruc
aoruc@stblaw.com
601 Pennsylvania Ave., N.W.
North Building
Washington, D.C. 20004
Telephone: (202) 220-7799
Facsimile: (202) 220-7702

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

By: *Kenneth A. Gallo*

Kenneth A. Gallo
kgallo@paulweiss.com
Craig A. Benson
cbenson@paulweiss.com
1615 L Street, N.W.
Washington, D.C. 20036-5694
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Julia Tarver Mason
jmason@paulweiss.com
Gary R. Carney
gcarney@paulweiss.com
Amy L. Barton
abarton@paulweiss.com
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for Defendants MasterCard Incorporated and MasterCard International
Incorporated*

7

**ARNOLD & PORTER LLP**

David P. Gersch
Mark R. Merley
M. Sean Laane
Michael A. Rubin
555 12th Street, N.W.
Washington, D.C. 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Robert C. Mason
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

**KEKER & VAN NEST, LLP**

BY: John W. Keker

John W. Keker
jkeker@kvn.com
Ragesh K. Tangri
Asim M. Bhansali
Paula L. Blizzard
Matthias Kamber
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Counsel for Defendants Visa U.S.A. Inc. and Visa International Service Association*

**LOCKE LORD, BISSELL & LIDDELL LLP**

A. Kelly Turner
KTurner@lockelord.com
111 South Wacker Drive
Chicago, IL 60606-4302
Telephone: (312) 443-0356
Facsimile: (312) 896-6356

Jackie Redin Klein
300 S. Grand, Suite 800
Los Angeles, CA 90071
Telephone: (213) 485-1500

*Counsel for Defendant Visa International Service Association*

8